IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:24CR00029 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| TYAESHA HUNTER, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through United States Attorney, Rebecca C. Lutzko, and Assistant United States Attorney, Michelle M. Baeppler, and hereby submits the government's sentencing memorandum.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By: /s/ Michelle M. Baeppler
Michelle M. Baeppler (OH: 0065378)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3995
(216) 522-8354 (facsimile)
Michelle.Baeppler@usdoj.gov

MEMORANDUM

I.   Facts

On December 16, 2023, at approximately 9:18 a.m., Tyaesha Hunter entered the U.S. Bank located at 455 Midway Blvd, Elyria, OH 44035.  Hunter handed a note to a teller demanding the money in her cash drawer.  Hunter's demand note read, "This is a ROBBERY! I have a Gun! Don't panic, no sudden movements.  Hand over All loose 100, 50, & 20 $ Bills And I will Not **_shoot_**! No trackers, no dye packs.  No Bait Bills No Alarms." (emphasis supplied). The teller complied with the note, handed over the cash, and Hunter fled from the bank.  Hunter left the demand note at the bank when she fled from the scene.

EPD Officers and Detectives responded to the bank and spoke with the victim teller.  The teller described Hunter as a black female, approximately 5'2" tall, 110 pounds, wearing a hood over her head, a surgical face mask, glasses and black gloves. The teller provided access to the bank's interior video surveillance, which confirmed the description of Hunter to be accurate.

EPD Officers spoke with a witness who was outside of the bank as Hunter fled from the bank following the robbery. The witness informed EPD Officers that Hunter ran from U.S. Bank toward the Camelot Inn parking lot.

Detectives reviewed video surveillance from surrounding businesses and were able to observe the suspect's actions after the robbery as she fled the area on foot and entered a suspect vehicle parked in the parking lot of the Camelot Inn on Griswold Rd.  Detectives were able to identify the vehicle used by the suspect during the bank robbery as a 2015 Dodge Dart, gray OH Temp. R029026.  The suspect vehicle had dark tinted windows, a rear spoiler, and black/dark colored rims with a lighter, possibly chrome, center.

2

Detectives learned that the license plate on the suspect vehicle returned to Tyaesha Hunter out of Cleveland, Ohio.  Detectives observed that Hunter's physical description provided by the Bureau of Motor Vehicles (BMV) matched that of the U.S. Bank robbery suspect. Hunter is a black female (as described by Teller 1), 5'2", and 110 pounds. Detectives determined through BMV records that Hunter's physical build (height and weight) closely matched that of UNSUB1, as depicted on surveillance video.

On December 19, 2023, EPD Detectives conducted surveillance of Hunter's residence located at 12xxx Lenacrave Avenue, Apt. 2, Cleveland Ohio.  Detectives observed the robbery suspect vehicle parked outside the residence.  Detectives observed Hunter exit the residence on several occasions.  Hunter was wearing a black hooded jacket, gray pants and dark colored shoes.  This clothing appeared similar to clothing worn by UNSUB1 (later confirmed by Hunter to be the exact clothing she wore during the robbery).  Detectives also observed Hunter's physical build was consistent with that of UNSUB1.

 On December 19, 2023, at approximately 1200 hours, Det. Loesch, EPD, completed a criminal complaint for Tyaesha Hunter at 12xxx Lenacrave Avenue, Apt. 2, Cleveland Ohio for Aggravated Robbery - 2911.01 ORC - Felony 1.  Det. Loesch met with the Honorable Judge Bennett of the Elyria Municipal Court and reviewed the facts of the case for a probable cause. An arrest warrant was obtained for Tyaesha Hunter.

On December 20, 2023, Detective Robinson obtained a search warrant to search Tyaesha Hunter's residence at 12xxx Lenacrave Avenue, Apt. 2, Cleveland Ohio and seize and search her vehicle, a 2015 Dodge Dart.  The warrant was issued by the Cuyahoga County Court of Common Pleas and authorized a search of Hunter's residence for evidence of Aggravated Robbery.

During the execution of the residential search warrant on December 21, 2023, Elyria Detectives located and arrested Tyaesha Hunter outside of 12xxx Lenacrave Avenue, Apt. 2, Cleveland, Ohio, for Aggravated Robbery.

Hunter was transported to the Elyria Police Department where she was interviewed by Detectives. Hunter was advised of her *Miranda* rights. She waived her rights and spoke with Detectives. During the interview, Hunter admitted to robbing the U.S. Bank in Elyria, Ohio, on the morning of December 16, 2023. Hunter stated that she did not have a firearm during the bank robbery.

Hunter provided written consent for Detectives to search her cell phones and laptop, both of which were seized during the execution of the search warrant of her residence. EPD detectives forensically extracted the data from Hunter's cell phones. Hunter's iPhone 11's "device locations" showed that her mobile device was in the immediate area of U.S. Bank during the timeframe of the robbery. Additionally, Hunter's iPhone 11 "searched items" showed hundreds of Google searches for different local banks, including their addresses and distances from local police stations to the banks.

During the interview of Hunter, Detectives executed the search of her residence. The items seized during the search warrant included U.S. currency left over from the monies stolen from the robbery (per Hunter), clothing that matched the apparel worn by UNSUB1 during the bank robbery, paperwork identifying various other banks, including bank addresses and an additional bank robbery demand note. Detectives also seized the 2015 gray Dodge Dart, OH Temp. R029026 tag, that was parked on the roadway in front of 12xxx Lenacrave Avenue, Apt. 2, Cleveland Ohio.

Following the interview, Hunter was transported to the Lorain County Jail and held without bond pending her initial court appearance.

4

**II.     Procedural History**

On January 23, 2024, Hunter was charged in a one count indictment with Bank Robbery, in violation of 18 U.S.C. Section 2113(a) and (f). On June 6, 2024, she entered a guilty plea to this single count in the indictment. There is no plea agreement between Hunter and the government.

**III.    Law and Argument**

The crime of Bank Robbery carries a possible statutory penalty of up to 20 years imprisonment, up to 3 years of supervised release, a $250,000 fine, and a $100 special assessment.

The Guideline calculations for this offense are as follows:

Base Offense Level: 20 (§ 2B3.1)

Specific Offense Characteristic: +2 (§ 2B3.1- Financial Institution)

Specific Offense Characteristic: +2 (§2B3.1 – Threat of Death)

Adjusted Offense Level: 24

Acceptance of Responsibility: 21

Hunter has one prior conviction for Forging Identification Cards which places her in a Criminal History Category I. At offense level 21, criminal history I, Hunter's advisory guideline range of imprisonment is 37-46 months. (R. 25: Presentence Report of Investigation, PageID 107). Since the applicable guideline range is in Zone D of the Sentencing Table, Hunter is ineligible for probation. (*Id.*).

At the change of plea hearing, this Honorable Court requested briefing regarding the Guideline enhancement for "threat of death" under U.S.S.G. § 2B3.1. In the case at bar, Hunter's note to the teller read, "This is a ROBBERY! I have a Gun! Don't panic, no sudden

movements. Hand over All loose 100, 50, & 20 $ Bills And I will Not **_shoot_**! No trackers, no dye packs. No Bait Bills No Alarms." (emphasis supplied).

U.S.S.G. 2B3.1, n. 6 reads as follows:

A threat of death," as used in subsection (b)(2)(F), may be in the form of an oral or written statement, act, gesture, or combination thereof. Accordingly, the defendant does not have to state expressly his intent to kill the victim in order for the enhancement to apply. For example, an oral or written demand using words such as "Give me the money or I will kill you", "Give me the money or I will pull the pin on the grenade I have in my pocket", "Give me the money or I will **_shoot_** you", "Give me your money or else (where the defendant draws his hand across his throat in a slashing motion)", or "Give me the money or you are dead" would constitute a threat of death. The court should consider that the intent of this provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death. (emphasis supplied).

Courts that have addressed challenges to the application of the two-level enhancement for "threat of death" have upheld the propriety of the enhancement in instances where reference is made to a firearm or shooting by the robber. *See*, *U.S. v. Strandberg*, 952 F.2d 1149, 1151 (9th Cir.) (statement "my friend will start shooting" sufficient to constitute threat of death); *U.S. Michel*, 182 Fed. Appx. 504, 505 (6th Cir.) (verbiage "would blow their heads off" sufficient to support enhancement); *U.S. v. Wooten*, 689 F.3d 570, 574-575 (6th Cir. 2012) *citing U.S. v. Winbush*, 296 F.3d 442, 443 (6th Cir. 2002) (statement "I have a gun" sufficient to warrant threat of death enhancement whether uttered verbally or in a demand note).

Thus, given the above authority, it is clear that Hunter's reference to "shooting," either under the Guideline commentary, or Sixth Circuit precedent, constitutes a "threat of death" that is sufficient to justify the Guidelines "threat of death" enhancement.

Finally, restitution is due and owing. Hunter stole $1,452 from U.S. Bank. During the execution of the search warrant at her home, $655 was recovered. Thus, the balance due and owing to U.S. Bank is $797.

6

### IV. Conclusion

Based on the foregoing law and argument, the government requests a sentence at the low end of the Guideline range and restitution in the amount of $797. Given Hunter's limited criminal history, a sentence at the low end of the Guideline range is sufficient, but not greater than necessary to affect the purposes and principles of sentencing.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

/s/ Michelle M. Baeppler
Michelle M. Baeppler (OH: 0065378)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3995
(216) 522-8354 (facsimile)
Michelle.Baeppler@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 11, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                                        /s/ Michelle M. Baeppler
                                                        Michelle M. Baeppler
                                                        Assistant U.S. Attorney